UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

J.W. WILEY, Ed.D,

                        Plaintiff,

   -against-

                                      **8:18-cv-01399 GLS/DJS**

SUNY PLATTSBURGH, JOHN ETTLING,
BUTTERFLY BLAISE, VRINDA KUMAR, and
SUNY PLATTSBURGH STUDENT ASSOCIATION,

                        Defendants.
_____

# **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
_____

                                  CARTER, CONBOY, CASE, BLACKMORE,
                                      MALONEY & LAIRD, P.C.
                                Attorneys for defendant, SUNY Plattsburgh
                                Student Association
                                Office and P.O. Address
                                20 Corporate Woods Boulevard
                                Albany, NY  12211-2396
                                Phone: (518) 465-3484
                                E-Mail: jhansen@carterconboy.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL BACKGROUND .............................................................................................. 1

ALLEGED FACTS ..................................................................................................................... 1

      First and Second Causes of Action – Title IX Gender Discrimination ................. 2

      Fourteenth Cause of Action – Aiding and Abetting Race and Gender
      Discrimination ....................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

POINT I

      THE STUDENT ASSOCIATION IS NOT A PROPER
      DEFENDANT UNDER TITLE IX ........................................................................ 3

POINT II

      THE PLAINTIFF HAS FAILED TO PLEAD A COGNIZABLE CLAIM
      FOR RELIEF AGAINST THE STUDENT ASSOCATION UNDER TITLE IX ........ 4

POINT III

      THE PLAINTIFF HAS FAILED TO PLEAD A COGNIZABLE CLAIM FOR
      RELIEF AGAINST THE STUDENT ASSOCIATION UNDER NEW YORK'S
      HUMAN RIGHTS LAW ........................................................................................ 5

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

Angel v. Bank of Tokyo-Mitsubishi, Ltd., 39 A.D.3d 368 (1st Dep't 2007) ........................ 4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................ 3

Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999) ............................................. 3

Gesber v. Lago Vista Indep. Sch. Dist., 524 U.S. 274 (1998) ........................................... 3

McGrath v. Dominican College of Blauvelt, 672 F.Supp.2d 477 (S.D.N.Y. 2009) ............ 3

Trovato v. Air Express Intl., 238 A.D. 333 (2d Dep't 1997) .............................................. 5

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant, SUNY Plattsburgh Student Association (hereinafter referred to as "Student Association"), in support of its motion to dismiss the Complaint as against it, pursuant to FRCP 12(b)(6).

## PROCEDURAL BACKGROUND

This action was commenced by the filing of a Complaint on November 30, 2018. DKT 1. Issue was joined with respect to the Student Association by its filing of an Answer on January 24, 2019. DKT 12.

## ALLEGED FACTS

Plaintiff is a former employee of SUNY Plattsburgh who claims that he was wrongfully investigated for sexual harassment and wrongfully terminated from his employment. He asserts claims against the Student Association for Title IX gender discrimination (First and Second Causes of Action) and for aiding and abetting race and gender discrimination under New York Human Rights Law Sec. 296(6) (Fourteenth Cause of Action).

As alleged in the Complaint, a sexual harassment complaint was filed against the plaintiff at SUNY Plattsburgh in 2004. DKT 1, par. 12. Plaintiff alleges that he was thereafter subjected to "rumors" on campus that he was a "sexual predator". DKT 1, par. 15.

Plaintiff alleges that in 2015, he was appointed Chief Diversity Officer for the University. DKT 1, par. 33. Following a "racially charged incident" on campus in February 2018, the Student Association proposed a "no confidence vote for select administrators", including the plaintiff. DKT 1, pars. 46, 49-51. Plaintiff alleges that shortly after this "no confidence vote", the University commenced a Title IX investigation into the plaintiff for

1

sexual harassment, which ultimately resulted in his termination. DKT 1, par. 68. Plaintiff alleges that during the investigation, the Student Association was "upon information and belief, . . . actively soliciting women to make allegations" against the plaintiff. DKT 1, par. 73.

### First and Second Causes of Action - Title IX Gender Discrimination

Plaintiff's First and Second Causes of Action, alleging Title IX Gender Discrimination, purport to be asserted against "all defendants", but do not include any allegations or claims specific to the Student Association. See DKT 1, pars. 77-103. Both Causes of Action allege that the plaintiff was subjected to a Title IX investigation for sexual harassment while employed by SUNY Plattsburgh, but that neither the investigation, nor the subsequent termination of plaintiff's employment, were objective. See DKT 1, pars. 77-103. Instead, plaintiff contends that his investigation and termination were motivated by gender bias. See DKT 1, par. 88.

Nowhere in the First or Second Causes of Action is it alleged that the Student Association exercised any control or authority over the Title IX investigation, or was otherwise involved in it in any way.

### Fourteenth Cause of Action - Aiding and Abetting Race and Gender Discrimination

The only other Cause of Action asserted against the Student Association is the Fourteenth Cause of Action, in which it is claimed that the Student Association aided and abetted race and gender discrimination under New York's Human Rights Law.

Specifically, it is alleged that the Student Association "promoted baseless and discriminatory rumors about plaintiff and solicited individuals . . . to bring complaints against plaintiff." See DKT 1, par. 166.

2

## ARGUMENT

The Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, the complaint must contain sufficient factual matter to state a facially plausible claim of relief. Id. at 557.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### POINT I

### THE STUDENT ASSOCIATION IS NOT A PROPER DEFENDANT UNDER TITLE IX

Plaintiff's First and Second Causes of Action must be dismissed as against the Student Association because the Student Association is not a proper party under Title IX.

It is well settled that a private right of action under Title IX can only be enforced against entities that receive federal funding. See, e.g., Gesber v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 280 (1998); see also Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 641 (1999) (government's enforcement power under Title IX "may only be exercised against the funding recipient"). The plaintiff has the burden of pleading and demonstrating that a defendant sued under Title IX is a recipient of federal funds. See McGrath v. Dominican College of Blauvelt, 672 F.Supp.2d 477, 486 (S.D.N.Y. 2009).

Here, plaintiff has alleged that the Student Association is a "student-run organization . . . charged with voicing the concerns and interests of the student body." DKT 1, par. 9.

3

Plaintiff also alleges that the Student Association is "[f]unded by student fees." DKT 1, par. 9. It is not alleged, however, that the Student Association is a recipient of federal funds, nor is it alleged that the Student Association is run or controlled by the University.

As such, because plaintiff has not alleged, and cannot prove, that the Student Association is a recipient of federal funds, the First and Second Causes of Action brought under Title IX must be dismissed as against it.

## POINT II

### THE PLAINTIFF HAS FAILED TO PLEAD A COGNIZABLE CLAIM FOR RELIEF AGAINST THE STUDENT ASSOCIATION UNDER TITLE IX

Even if the Student Association were a proper party under Title IX, plaintiff's First and Second Causes of Action would still need to be dismissed as against it for failure to state a claim.

In plaintiff's First and Second Causes of Action, he alleges that he was subjected to a biased investigation by the University, and that his employment was ultimately terminated by the University as a result. DKT 1, pars. 77-103. The Student Association is not specifically referenced in these two Causes of Action. Moreover, nowhere in the Complaint is it alleged that the Student Association ran, controlled or was otherwise involved in the school's investigation of the plaintiff or his resulting termination. Rather, the only allegation in this regard is that the Student Association was "upon information and belief, . . . actively soliciting women to make allegations" against the plaintiff during the investigation. DKT 1, par. 73. It is well-settled, however, that allegations made upon information and belief are insufficient to survive a motion to dismiss. See, e.g., Angel v. Bank of Tokyo-Mitsubishi, Ltd., 39 A.D.3d 368 (1st Dep't 2007).

4

As such, plaintiff's First and Second Causes of Action brought under Title IX must be dismissed as against the Student Association for failure to state a claim.

### POINT III

### THE PLAINTIFF HAS FAILED TO PLEAD A COGNIZABLE CLAIM FOR RELIEF AGAINST THE STUDENT ASSOCIATION UNDER NEW YORK'S HUMAN RIGHTS LAW

Plaintiff's Fourteenth Cause of Action against the Student Association as aider and abettor under the New York Human Rights Law must be dismissed for failure to state a claim. To state a claim for aiding and abetting discrimination under the New York Human Rights Law, a plaintiff must establish that the defendant "has an ownership interest in the corporate employer or has the authority to do more than carry out personnel decisions made by others." See Trovato v. Air Express Intl., 238 A.D. 333, 334 (2d Dep't 1997).

Here, the Student Association plainly does not possess an ownership interest in the University. Further, the Student Association had no authority over the plaintiff with respect to his employment. Plaintiff does not allege this, nor could it be proved.

In fact, plaintiff alleges in the Complaint that the Student Association "is a student-run organization . . . charged with voicing the concerns and interests of the student body" and "providing students a variety of campus-wide events and activities." DKT 1, par. 9. Thus, by plaintiff's only admission, the Student Association does not come anywhere near the threshold articulated in the Trovato case; ie., whether the defendant "has the authority to do more than carry out personnel decisions made by others." Id. at 334.

As such, plaintiff's Fourteenth Cause of Action against the Student Association for aiding and abetting under the New York Human Rights Law must be dismissed for failure to

state a claim.

## CONCLUSION

Based on the foregoing, the defendant, SUNY Plattsburgh Student Association , respectfully requests an Order pursuant to FRCP 12(b)(6) dismissing the Complaint in its entirety as against it, with prejudice and on the merits, along with such other and further relief as the Court deems just and proper.

DATED: April 19, 2019

CARTER, CONBOY, CASE, BLACKMORE, MALONEY & LAIRD, P.C.

By: _____
JONATHAN E. HANSEN
Bar Roll No.: 514951
Attorneys for defendant, SUNY Plattsburgh
Student Association
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2396
Phone: (518) 465-3484
E-Mail: jhansen@carterconboy.com